United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 14-11925-jkf
William E. Scully                                                         Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin              Page 1 of 2          Date Rcvd: Sep 28, 2018
                             Form ID: 3180W            Total Noticed: 8


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 30, 2018.
db            +William E. Scully,    230 Tuscany Road,    Aston, PA 19014-1736
13375147       Wells Fargo Bank National Association,    c/o Ocwen Loan Servicing, LLC,
                Attn: Bankruptcy Department,    P.O. BOX 24605,    West Palm Beach, FL 33416-4605
13854740      +Wilminton Savings Fund Society, FSB,    120 South Sixth Street, #2100,
                Minneapolis, MN 55402-1823

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: megan.harper@phila.gov Sep 29 2018 03:06:27     City of Philadelphia,
                City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                Philadelphia, PA  19102-1595
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Sep 29 2018 03:06:08     U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13318909      +E-mail/Text: bankruptcy.bnc@ditech.com Sep 29 2018 03:05:11     Green Tree Servicing LLC,
                PO Box 0049,    Palatine, IL 60055-0049,    Telephone 60055-0049
13332142      +E-mail/Text: bankruptcygroup@peco-energy.com Sep 29 2018 03:05:11     PECO Energy Company,
                Attn: Merrick Friel,    2301 Market Street, S23-1,    Philadelphia, PA 19103-1380
13266724       E-mail/Text: RVSVCBICNOTICE1@state.pa.us Sep 29 2018 03:05:36
                Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                Harrisburg, PA  17128-0946
                                                                                   TOTAL: 5


            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
smg*          Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA  17128-0946
                                                                         TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 30, 2018                         Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 27, 2018 at the address(es) listed below:
          BRIAN CRAIG NICHOLAS    on behalf of Creditor    GREEN TREE SERVICING LLC, AS AUTHORIZED SERVICER
           FOR FANNIE MAE, AS OWNER AND HOLDER OF ACCOUNT/CONTRACT ORIGINATED BY GMAC MORTGAGE CORPORATION
           bnicholas@kmllawgroup.com,   bkgroup@kmllawgroup.com
          BRIAN CRAIG NICHOLAS    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a et al
           .... bnicholas@kmllawgroup.com,   bkgroup@kmllawgroup.com
          DIMITRI L. KARAPELOU    on behalf of Debtor William E. Scully dkarapelou@karapeloulaw.com,
           dkarapelou@karapeloulaw.com
          JEROME B. BLANK    on behalf of Creditor    Wells Fargo Bank, National Association, successor by
           merger to Wells Fargo Bank Minnesota, National Association, as Indenture Trustee for GMACM HOME
           EQUITY LOAN TRUST 2002-HE3 paeb@fedphe.com
          JOSEPH ANGEO DESSOYE    on behalf of Creditor    GREEN TREE SERVICING LLC, AS AUTHORIZED SERVICER
           FOR FANNIE MAE, AS OWNER AND HOLDER OF ACCOUNT/CONTRACT ORIGINATED BY GMAC MORTGAGE CORPORATION
           paeb@fedphe.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          KEVIN G. MCDONALD    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a et al
           .... bkgroup@kmllawgroup.com
          MATTEO SAMUEL WEINER    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a et al
           .... bkgroup@kmllawgroup.com
          PETER J. ASHCROFT    on behalf of Creditor    GREEN TREE SERVICING LLC, AS AUTHORIZED SERVICER FOR
           FANNIE MAE, AS OWNER AND HOLDER OF ACCOUNT/CONTRACT ORIGINATED BY GMAC MORTGAGE CORPORATION
           pashcroft@bernsteinlaw.com,   ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
          POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com

```
District/off: 0313-2          User: admin           Page 2 of 2            Date Rcvd: Sep 28, 2018
                              Form ID: 3180W        Total Noticed: 8
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              REBECCA ANN SOLARZ    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a
               Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
               bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a et al ....
               tpuleo@kmllawgroup.com,   bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM  MILLER*R   ecfemail@FredReigleCh13.com,   ECF_FRPA@Trustee13.com
              WILLIAM EDWARD MILLER    on behalf of Creditor    WELLS FARGO BANK N.A. wmiller@sterneisenberg.com,
               bkecf@sterneisenberg.com
                                                                                          TOTAL: 15

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **William E. Scully** | Social Security number or ITIN | **xxx–xx–1769** |
| | First Name   Middle Name   Last Name | EIN   _ _−_ _ _ _ _ _ _ | |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ | |
| | | EIN   _ _−_ _ _ _ _ _ _ | |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | | |
| Case number: | **14–11925–jkf** | | |

## Order of Discharge
12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

William E. Scully

9/27/18

**By the court:**        Jean K. FitzSimon
                                United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**